**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| JEFF BROWN, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GOODMAN MANUFACTURING COMPANY, L.P., GOODMAN GLOBAL, INC., and GOODMAN COMPANY, L.P.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:13-cv-03169-JMC |

**JOINT STIPULATION AND ORDER REGARDING DISCOVERY**

**WHEREAS**, a first set of Requests for Production and first Set of Interrogatories were served as part of omnibus discovery promulgated in this and several other cases involving Goodman products on February 27, 2014 and February 28, 2014 (the "Omnibus Requests for Production" and "Omnibus Interrogatories").

**WHEREAS**, Defendants served their Responses and Objections to the Omnibus Requests for Production on March 14, 2014 and their Responses and Objections to the Omnibus Interrogatories on April 14, 2014.

**WHEREAS**, the parties met and conferred and reached agreement on the scope of Defendants' discovery obligations in this matter.

**WHEREAS**, the parties have agreed to coordinate non-plaintiff discovery with other similar litigation pending against Defendants, including, *PB Property Management, Inc. v. Goodman Manufacturing Co.*, No. 3:12-cv-01366-HES-JBT (M.D. Fla.), *McVicar v. Goodman*

*Global, Inc.*, No. 8:13-cv-01223-DOC-RNB (C.D. Cal.), *Siriano v. Goodman Manufacturing*, Inc., No. 2:14-cv-1131 (S.D. Ohio), and *Gustafson v. Goodman Manufacturing Company L.P.*, No. 3:13-cv-08274 (D. Ariz.).

**WHEREAS**, the parties have agreed that coordinating non-plaintiff discovery includes coordinating and cross-noticing Defendant depositions and defining the scope of document production by Defendants in accordance with the terms of the Joint Stipulation and Oder entered on October 6, 2014 in *McVicar v. Goodman Global, Inc*., No. 8:13-cv-01223-DOC-RNB (C.D. Cal.).  A copy of the Joint Stipulation and Order is attached as Exhibit 1.

**WHEREAS**, as set forth in Exhibit 1, the parties have agreed upon the following search phrases that will be applied to the hard drives of the custodians identified below:

|   | **Search Phrase** |
|---|---|
| 1 | ((a-coil OR a-coils) w/20 (bad* OR complain* OR corro* OR crack* OR damag* OR defect* OR design* OR engineer* OR guarantee* OR hole* OR leak* OR pinhol* OR redesign* OR replac* OR switch* OR warrant*)) and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |
| 2 | ((aluminum AND (coil* OR evaporator*)) w/20 (bad* OR complain* OR corro* OR crack* OR damag* OR defect* OR design* OR engineer* OR guarantee* OR hole* OR leak* OR pinhol* OR redesign* OR replac* OR switch* OR warrant*)) and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |
| 3 | ((copper AND (coil* OR evap* OR tub*)) w/20 (bad* OR complain* OR corro* OR crack* OR damag* OR defect* OR design* OR engineer* OR guarantee* OR hole* OR leak* OR pinhol* OR redesign* OR replac* OR switch* OR warrant*)) and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |
| 4 | (evaporator* w/20 (bad* OR complain* OR corro* OR crack* OR damag* OR defect* OR design* OR engineer* OR guarantee* OR hole* OR leak* OR pinhol* OR redesign* OR replac* OR switch* OR warrant*)) and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |
| 5 | formicary and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |
| 6 | (("product quality report" OR PQR) w/20 (aluminum OR coil* OR copper OR corro* OR evaporator OR freon OR hole* OR leak* OR pinhol* OR refrigerant*)) and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |
| 7 | (refrigerant* w/20 (bad* OR corro* OR crack* OR damag* OR defect* OR design* OR engineer* OR hole* OR leak* OR pinhol* OR redesign*)) and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |
| 8 | (("return material authorization" OR RMA) w/20 (aluminum OR coil* OR copper OR evaporator OR tub*)) and not (condenser or 5mm or "5 mm" or "smart coil" or |

|   |   |
|---|---|
|   | smartcoil) |
| 9 | (("Special Project Authorization" OR SPA) w/20 (aluminum OR coil* OR copper OR evaporator OR freon OR move to OR refrigerant* OR thick* OR thin* OR tub*)) and not (condenser or 5mm or "5 mm" or "smart coil" or smartcoil) |

**WHEREAS**, the parties have agreed upon the following custodians whose files will be searched:

1. Hal Allen
2. Rex Anderson
3. Marshall Blackham
4. Stan Cushen
5. Steve Griffin
6. Paula Hargrove
7. Michael Kubiak
8. Ray Pitts
9. Dave Swift
10. Lynn Wright

**WHEREAS**, the parties have agreed that Defendants shall produce responsive documents from the ESI collected from the hard drives of the custodians listed above within 10 business days of the Court's entry of this Joint Stipulation. In addition, the parties have agreed that within 10 business days of the Court's entry of this Joint Stipulation, Defendants shall produce the following "core" category documents identified by Plaintiff: (1) Marketing documents relating to the HVAC units of the type at issue in this case; (2) studies on corrosion of evaporator coils; (3) documents regarding the named plaintiff in this matter; and (4) warranty claim database re evaporator coils.

**WHEREAS**, the parties have agreed that Defendants shall produce privilege logs within 20 business days of the Court's entry of this Joint Stipulation.

**WHEREAS**, the parties have further agreed to coordinate depositions of Defendants' current or former employees in this matter and the *PB Property*, *McVicar*, *Siriano*, and *Gustafson* matters. The parties agree that all depositions of Defendants' current or former employees in *PB Property*, *McVicar*, *Gustafson*, and/or *Siriano* matters (including those depositions that have already occurred) will be deemed cross-noticed in this matter.

**WHEREAS**, the parties agree that unless otherwise agreed to by the parties or ordered by the Court, no Defendant witness subject to deposition in this matter or in the *PB Property*, *McVicar*, *Gustafson*, or *Siriano* matters shall be deposed more than once. This restriction does not apply to persons rendering plaintiff-specific expert opinions.

**THEREFORE**, the parties hereby agree and stipulate that the foregoing production schedule and coordination of depositions of Defendants' employees in this matter and the *PB Property*, *McVicar*, *Siriano*, and *Gustafson* matters shall define Defendants' production obligations in this matter and govern all depositions of Defendants' employees in this matter. The parties therefore file this Joint Stipulation to request that the Court enter an Order consistent with this agreement.

Dated: April 23, 2015                              STROM LAW FIRM, LLC

                                                                                By: **s/ John R. Alphin**

                                                             *Attorneys for Plaintiff*


Dated: April 23, 2015                              HOOD LAW FIRM, LLC

                                                             By: **s/ Robert H. Hood, Jr.**

                                                             *Attorneys for Defendants*


IT IS SO ORDERED.

Dated this 24th day of April, 2015.

                                                             s/J. Michelle Childs
                                                             HON. J. MICHELLE CHILDS
                                                             UNITED STATES DISTRICT JUDGE