UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| **JEFF BROWN,** )<br>)<br>    **Plaintiff,**  )<br>) **CASE No. 1:13-CV-03169-JMC**<br>    v.  )<br>)<br>)<br>**GOODMAN MANUFACTURING** )<br>**COMPANY, L.P., GOODMAN GLOBAL,** )<br>**INC., and GOODMAN COMPANY, L.P.,** )<br>)<br>    **Defendants.**  ) | |

## ORDER

This matter is before the court on Plaintiff Jeff Brown's ("Plaintiff") Motion to File Under Seal Portions of Plaintiff's Motion for Class Certification and Memorandum Thereto and Certain Exhibits Submitted in Support of Motion for Class Certification (ECF No. 69) filed pursuant to Local Civil Rule 5.03 D.S.C. Defendants Goodman Manufacturing Company, L.P., Goodman Global, Inc., and Goodman Company, L.P. ("Defendants") have not filed a response.

Plaintiff seeks this court's approval to file under seal the motion and memorandum for class certification, as well as specific exhibits submitted in support of the motion on the basis that portions of those documents contain Defendants' confidential commercial information. In considering a motion to file under seal, the court must determine whether the party seeking to file under seal has complied with the requirements of Local Civil Rule 5.03 D.S.C. If the court finds that the party seeking to file under seal has complied with the requirements of the rule, the court, in its discretion,

1

may seal the documents if it finds that the public's right to access the documents is outweighed by the competing need to seal the documents. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Furthermore, in order to seal the documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* "Docketing the motion in a manner that discloses its nature as a motion to seal" satisfies the public notice requirement. Local Civil Rule 5.03(D) D.S.C.

Upon review, the court finds that Plaintiff has complied with the requirements of Local Rule 5.03. As required, Plaintiff provided the court with un-redacted copies of the motion as well as accompanying exhibits. Plaintiff's motion was filed electronically on January 5, 2016, and includes a descriptive, non-confidential description of the documents he seeks to have filed under seal. *See* ECF No. 69 at 2-4. Defendants had until January 22, 2016, to file any objection to the motion to seal. Defendants did not file a response. That time period also provided a sufficient period of public notice of this pending motion, and no one has objected to these documents being sealed.

Furthermore, as required by *Ashcraft*, this court has considered whether less drastic alternatives to sealing excerpts of Plaintiff's motion for class certification exist, but finds no reasonable less drastic alternative available. The documents sought to be filed under seal contain confidential commercial information including Defendants' product specifications, results of product testing, financial information, and other proprietary information regarding the handling of customer complaints. The court has independently reviewed the documents *in camera* and concludes that the documents do not lend themselves to selective redaction. Due to the nature of the documents, the

court finds that Defendants' interest in non-disclosure of such information outweighs the public's right to access the documents. The court finds that the public disclosure of such information would cause substantial harm to the competitive position of Defendants. *See National Parks and Conservation Assn. v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974) (deciding that the test for determining whether commercial information is confidential depends on whether disclosure of the information would "cause substantial harm to the competitive position of the person from whom the information was obtained".). Thus, the court finds that the nature of the information in the documents at issue requires that the documents be sealed.

In accordance with the foregoing, the court **GRANTS** Plaintiff's Motion to File Under Seal Portions of Plaintiff's Motion for Class Certification and Memorandum Thereto and Certain Exhibits Submitted in Support of Motion for Class Certification (ECF No. 69). The parties are instructed to refer to this court's order entered January 6, 2016 (ECF No. 73) for filing deadlines in response to Plaintiff's Motion to Certify Class.

**IT IS SO ORDERED.**

/s/ J. Michelle Childs
Honorable J. Michelle Childs
United States District Judge

February 1, 2016
Columbia, South Carolina